IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JACQUES PAUL VILLAFANA,

    Plaintiff,

v.                                  Civil Action No. 3:18CV890

H. THOMAS PADRICK, JR.,

    Defendant.

**MEMORANDUM OPINION**

By Memorandum Order entered on January 9, 2019, the Court conditionally docketed the action. At that time, the Court directed Jacques Paul Villafana to affirm his intention to pay the full filing fee by signing and returning a consent to the collection of fees form. The Court warned Villafana that a failure to comply with the above directive within thirty (30) days of the date of entry thereof would result in summary dismissal of the action.

Instead of filing the consent to collection of fees form, Villafana filed a Motion to Stay Dismissal of Action (ECF No. 4) and a Notice of Appeal (ECF No. 5). Villafana seemingly contests the collection of the fee and contends that "the reason for his appeal is that his § 1983 is criminal[,] not civil, in nature, and not governed under the Prison Litigation Reform Act (PLRA). Wherefore, Villafana prays that this Court grant his Motion to

Stay the Dismissal of his action, pending the conclusion of his appeal." (Mot. Stay 1 (emphasis omitted).)

Villafana attacks a state court ruling by Judge H. Thomas Padrick, Jr. pertaining to his criminal case and Villafana's alleged innocence and seeks a permanent injunction from this Court requiring Padrick to "grant a hearing . . . for scientific analysis for the bloodstain/blood-splatter analysis." (Compl. 4, ECF No. 1.) Villafana indicates that Padrick violated his Fourteenth Amendment right to due process, a claim that is civil in nature, and must be brought pursuant to 42 U.S.C. § 1983. (Id. at 3.) Villafana fails to identify any statute that would permit him to litigate this action without paying the § 350 fee. Moreover, Villafana's action is not brought pursuant to the habeas statute, thus, Villafana was required to complete and return a consent to collection of fees form and is responsible for the entire $350 fee in order to litigate this action. See 28 U.S.C. § 1914(a) (emphasis added) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350, except on application of a writ of habeas corpus the filing fee shall be $5.").

Villafana has not complied with the order of this Court because he failed to return the consent to collection of fees form. As a result, he does not qualify for in forma pauperis status. Furthermore, he has not paid the statutory filing fee for the

instant action. See 28 U.S.C. § 1914(a). Such conduct demonstrates a willful failure to prosecute. See Fed. R. Civ. P. 41(b). Villafana's Motion to Stay Dismissal of Action (ECF No. 4) will be denied and the action will be dismissed without prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to Villafana.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: February 26, 2019
Richmond, Virginia

.